UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JAVIER MERIDA,                      )
                                    )
         Petitioner,                )
                                    )
    v.                              )   C.A. No. 14-339 S
                                    )
ASHBEL T. WALL, DIRECTOR OF         )
DEPARTMENT OF CORRECTIONS,          )
                                    )
         Respondent.                )
                                    )
_____ )

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Petitioner Javier Merida has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1). The Attorney General of the State of Rhode Island (the "State") responded on behalf of Respondent (ECF No. 3), seeking denial of Merida's Petition. For the reasons set forth below, the State's request is GRANTED, and the Petition is DENIED and DISMISSED.

I.  Background

Merida was convicted by a jury in Rhode Island Superior Court of two counts of first-degree child molestation and one count of second-degree child molestation, in violation of R.I. Gen. Laws §§ 11-37-8.1 and 11-37-8.3, respectively. He was sentenced to two forty-year terms on the first two counts, and one thirty-year term on the third, all to run concurrently. See

State v. Merida ("Merida I"), 960 A.2d 228, 230 (R.I. 2008). Merida appealed, arguing that the trial court erred by improperly limiting the scope of cross-examination of two key State witnesses, and by allowing the State to introduce testimony involving uncharged sexual misconduct prior to testimony directly involving the charged sexual misconduct. See id. After Merida's appeal was denied and his convictions affirmed by the Supreme Court of Rhode Island, id., Merida filed an application for postconviction relief.

Merida raised a series of claims of ineffective assistance of counsel in his postconviction relief application, asserting that his trial attorney was deficient for: (1) failing to investigate or pursue at trial theories undermining the credibility of the complaining witness, "Betsy" (a pseudonym used by the state superior court); (2) failing to present a defense expert; (3) failing to request a continuance to review an article mentioned by the State's expert in support of her testimony; (4) preventing Merida from testifying on his own behalf; and (5) failing to object to the order of presentation of witnesses.

Both Merida and his trial attorney testified at a subsequent evidentiary hearing before the superior court, which issued a detailed decision denying postconviction relief. See Merida v. State ("Merida II"), 93 A.3d 545, 547-48 (R.I. 2014).

2

This decision was affirmed by the Supreme Court of Rhode Island. <u>Id.</u> Merida timely filed the § 2254 petition now before this Court.

II. Discussion

Section 2254 provides a petitioner with habeas corpus relief where a "state court's decision, on any issue it actually decided, 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States.'" <u>Epsom v. Hall</u>, 330 F.3d 49, 52 (1st Cir. 2003) (quoting 28 U.S.C. § 2254(d)(1)) (internal citation omitted).[1] Where a state court has found that a petitioner's claim is meritless, federal courts cannot grant habeas relief so long as "fairminded jurists could disagree on the correctness of the state court's decision" as to that claim.

---

[1] Section 2254(d) provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

    A.   Procedurally Defaulted Claims

    Three of Merida's asserted grounds for habeas relief reiterate claims he made on direct appeal. The Rhode Island Superior Court deemed these claims procedurally waived. A federal court may not address a state prisoner's habeas claim when the state court has declined to address the claim on procedural grounds, if that decision is based on "independent and adequate state grounds." Glacken v. Dickhaut, 585 F.3d 547, 550 (1st Cir. 2009). "One such ground is a state court's finding that a claim is forfeited due to a failure to object at trial," so long as the contemporaneous objection rule is consistently applied, and was the basis for the state court decision. Id. at 551.

    Merida first claims that the trial court erred in allowing the State to present Lisa's testimony at trial about allegations of uncharged sexual misconduct before the complaining witness, Betsy, was called. Merida claims that because Lisa's testimony was propensity evidence under R.I. Rule of Evidence 404(b), it should not have been allowed without first laying a proper evidentiary foundation. Merida argued on direct appeal that the order of witnesses constituted error, and the state supreme court found that under Rhode Island's "raise-or-waive" rule,

4

Merida had waived the claim by failing to object to the witnesses' order at trial.[2] Merida I, 960 A.2d at 238.

Merida's second claim is that the superior court infringed upon his confrontation rights by unconstitutionally limiting cross-examination of the State's two key witnesses, Lisa and Betsy. The state supreme court held on direct appeal that, as with his claim involving the order in which Lisa and Betsy testified, under Rhode Island's "raise-or-waive" rule, Merida had waived this argument. Id. at 234-36.

Because the state supreme court found that both of these claims were waived under Rhode Island's consistently-applied

---

[2] Merida also argued on direct appeal that Lisa's testimony constituted improperly admitted propensity evidence. The state supreme court found that this claim may also have been waived, but that, regardless, there was no clear error in the trial court's determination. Because the trial court had identified multiple legitimate reasons that Lisa's testimony fell under an exception to Rule 404(b), had weighed the prejudicial nature of the evidence against its probative value under R.I. Rule of Evidence 403, and had given appropriate limiting instructions concerning the evidence to the jury, the trial court did not abuse its discretion in admitting the testimony. Merida I, 960 A.2d at 238-39.
    To the extent Merida's habeas claim encompasses the propensity evidence argument he made on direct appeal, the claim has no merit. The Court "must accept state court rulings on state law issues" on habeas review, Rodriguez v. Spencer, 412 F.3d 29, 37 (1st Cir. 2005), unless the state court application of law was so egregious that it constituted a violation of the petitioner's due process rights, Coningford v. Rhode Island, 640 F.3d 478, 484 (1st Cir. 2011). While "a misbegotten evidentiary ruling that results in a fundamentally unfair trial may violate due process," id. at 484, the state courts' sound rationale on the admission of alleged propensity evidence plainly forecloses any argument that Merida's due process rights were violated.

5

"raise-or-waive" rule, federal habeas review of these claims is precluded. See Glacken, 585 F.3d at 550 (petitioner's claim was procedurally defaulted due to the state court's finding that petitioner had forfeited the claim by failing to object at trial). The Court sees no reason not to apply the procedural-default doctrine in Merida's case, and thus will not reach the merits of Merida's claims involving the order of witnesses and Confrontation Clause violations.

Merida additionally alleges that the trial court abused its discretion by allowing propensity evidence to come in against him at trial prior to the complainant's testimony, and that the prosecutor was likewise at fault for presenting witnesses in this order. As noted by the state supreme court, Merida did not develop these claims or present any evidence to support them. Merida II, 93 A.3d at 552. This failure constituted a waiver of these claims, see, e.g., Kaveny v. Town of Cumberland Zoning Bd. of Review, 875 A.2d 1, 10 (R.I. 2005), and thus Merida's claim on the issue was procedurally barred. As with the raise-or-waive rule, this consistently applied procedural rule constitutes "independent and adequate" state grounds that warrant dispensing with Merida's claims of misconduct without substantive review. See Glacken, 585 F.3d at 551.

6

B. Ineffective-Assistance Claims

Merida's remaining claim mirrors his postconviction relief claim for ineffective assistance of counsel. Merida argues that his trial attorney was constitutionally defective for five reasons: 1) counsel failed to investigate, call witnesses, or adequately cross-examine witnesses to challenge Betsy's credibility; 2) counsel failed to present a defense expert to rebut the State's expert's testimony; 3) counsel failed to request a continuance to review an article referred to by the State's exert; 4) counsel prevented Merida from testifying; and 5) counsel failed to object to the order of the State's witnesses.

The Supreme Court's decision in <u>Strickland v. Washington</u> sets forth the standard for determining whether counsel's assistance was constitutionally inadequate. 466 U.S. 668 (1984). The petitioner must establish both that counsel made serious errors rendering his or her performance constitutionally deficient, and that this deficiency prejudiced the petitioner's defense, for instance by depriving the petitioner of a fair trial. <u>Id.</u> at 687. Applying the <u>Strickland</u> standard to Merida's ineffective-assistance claims, the Rhode Island Supreme Court found them all to be without merit. <u>Merida II</u>, 93 A.3d 545.

Merida's first and fourth ineffective-assistance claims rely primarily on disputing the state courts' credibility findings. The Rhode Island Supreme Court in <u>Merida II</u> rejected his first claim regarding counsel's failure to bring to light Betsy's motive to lie. <u>Merida II</u>, 93 A.3d at 549-50. The superior court credited Merida's attorney's account of his investigation and trial preparation, and found that his attorney lacked the information Merida claimed he had. Based on these findings, the state supreme court determined that defense counsel had "adequately explored any motives Betsy may have had to fabricate her testimony," and sufficiently cross-examined Betsy on the matter, thus meeting <u>Strickland</u>'s constitutional standards. <u>Merida II</u>, 93 A.3d at 549-50.

Similarly, the state supreme court rejected Merida's fourth assertion, that his attorney was ineffective because he prevented Merida from testifying at trial. The superior court did not credit Merida's assertion that his attorney "prevented" him from testifying, but rather found that counsel had encouraged him not to testify. The state supreme court adopted these findings, and deemed counsel's recommendation "a reasonable strategic decision." <u>Merida II</u>, 93 A.3d at 551. Thus, under <u>Strickland</u>, Merida failed to show any deficiency by counsel. <u>Id.</u>

8

Federal courts defer to the state courts' credibility determinations on habeas review, absent any indication of serious error. Glacken, 585 F.3d at 552. This Court thus defers to the state courts' finding that Merida's attorney was never informed of Betsy's potential motive to lie, and to their finding that Merida was not "prevented" from testifying on his own behalf. In light of these facts, the state supreme court's determination that Merida's counsel's actions were sufficient under Strickland was in no way an unreasonable application of clearly established federal law. See Glacken, 585 F.3d at 552. Merida's first and fourth claims of ineffective assistance thus have no merit.

Merida's second argument, that the State's expert witness testimony compelled the presentation of a defense expert witness, likewise cannot support a finding of ineffective assistance of counsel. As set forth by the state supreme court, after engaging a defense expert and evaluating her opinion, Merida's counsel decided that expert medical testimony would not further Merida's case.[3] Merida has offered no reason counsel's strategic decision not to present a defense expert may have prejudiced his defense. Because nothing indicates that counsel's decision was constitutionally deficient, much less

---

[3] The Court defers to the state supreme court's factual determinations, which Merida has not challenged, as to the rest of his ineffective-assistance claims.

9

that the state supreme court unreasonably applied federal law in finding that no Strickland violation occurred, Merida's second argument is without merit.

Merida's third ineffective-assistance claim relies on counsel's failure to request a continuance to review an article referred to by the State's expert witness during her testimony. Merida's counsel testified that he did not request a continuance in order to avoid prolonging the expert's testimony, and because he did not believe a continuance would have altered the expert's opinion. Merida II, 93 A.3d at 551. The Rhode Island Supreme Court found that counsel's strategic decision on this front was reasonable under Strickland. Id. Given counsel's commonsense rationale, this finding was clearly not an unreasonable application of federal law.

Merida's final allegation of ineffective assistance is based on his attorney's failure to object to the order of witnesses at trial. Merida's counsel testified that he did not believe the order of the evidence made any difference to Merida's case. As the state supreme court found, failing to object on a point that counsel reasonably determined had no impact on his client's case is not grounds for a claim that a Strickland violation occurred. The Court sees no way by which the state court's finding on this matter could be deemed an unreasonable application of federal law.

For the above reasons, Merida's claims of ineffective assistance of counsel are all without merit.

III. Conclusion

The Court determines that due to the nature of Merida's claims, a hearing is unnecessary.[4] For the reasons set forth in this Order, Merida's § 2254 Petition For Writ of Habeas Corpus is hereby DENIED.

*/s/ William E. Smith*

William E. Smith
Chief Judge
Date: August 20, 2015

---

[4] The Rhode Island state courts have weighed all of the matters Merida disputes here. Given that Merida points to no evidence or issues that the state courts have failed to fully address, or any serious error in their determinations, there is no reason to duplicate the state courts' efforts.

11