UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAVIER MERIDA                          :
                                       :
        v.                             :        CA No. 14-339S
                                       :
ASHBEL T. WALL, et. al.                :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States District Court

Pending before the Court is Javier Merida's Application to Proceed Without Prepayment of Fees and Affidavit. (Document No. 15). Plaintiff paid the $5.00 filing fee associated with his 28 U.S.C. § 2254 action, but filed an Affidavit seeking to proceed in forma pauperis ("IFP") for his appeal. The Inmate Statement (Document No. 15-1). submitted with his Application indicates that he has a spending balance of $5,990.65, and an encumbered balance of $1,000 as of October 7, 2015.

Federal Rule of Appellate Procedure 24 sets forth the steps a litigant must take to obtain approval to appeal IFP. Fed. R. App. P. 24(a) requires a litigant seeking IFP status on appeal to provide the District Court with an affidavit that (1) demonstrates the party's inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.

In the present case, Plaintiff has sufficient funds to proceed with his Appeal without IFP status. Moreover, Plaintiff is barred from pursuing his appeal IFP because his appeal is without merit. Plaintiff's right to appeal IFP is governed by 28 U.S.C. § 1915 which provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in

good faith." 28 U.S.C. § 1915(a)(3).  "Because the good faith standard is an objective one, an appeal is deemed not taken in good faith if the issues presented are frivolous. An appeal is considered frivolous when it is based on an 'indisputably meritless legal theory or factual allegations that are clearly baseless.'" Lyons v. Wall, C.A. No. 04-380T, 2007 WL 2067661 at *1 (D.R.I. July 13, 2007).  (internal citations omitted).  Plaintiff has not identified the specific issues he intends to pursue on appeal.  Chief Judge Smith denied and dismissed his Habeas Petition because three of the grounds in support of the Petition were procedurally defaulted in state court and not proper for federal review.  The remaining five claims were ineffective assistance of counsel claims that the Court found lacked merit.  (Document No. 9).  Moreover, the Court issued an Order denying Plaintiff's Motion for Certificate of Appealability, and stated that "movant has failed to make a substantial showing of the denial of a constitutional right as to any claim...."  (Document No. 13).

 Accordingly, I recommend that the District Court find that the appeal is not taken in good faith and DENY Plaintiff's Motion to Appeal IFP.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 20, 2015