UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JAVIER MERIDA,                     )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )     C.A. No. 14-339 S
                                   )
A.T. Wall                          )
                                   )
        Defendant.                 )
                                   )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

On October 20, 2015, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") in the above-captioned matter recommending that Plaintiff's Motion for Leave to Appeal In Forma Pauperis (ECF No. 15) ("Motion") be denied. (ECF No. 16.)  On November 4, 2015, Plaintiff filed a Declaration objecting to the R&R ("Objection"). (ECF No. 17.) After reviewing the Objection, the Court hereby OVERRULES it, and accepts the R&R pursuant to 28 U.S.C. § 636(b)(1) as clarified below.

This Motion stems from a Petition for Writ of Habeas Corpus ("Petition") Plaintiff filed on July 25, 2014 seeking relief from a state court criminal judgment.  (ECF No. 1.)  This Court denied the Petition on August 20, 2015 because Plaintiff's claims were either meritless or procedurally defaulted.  (See Mem. & Order,

Aug. 20, 2015 ECF No. 9.) On August 31, 2015, Plaintiff filed a Notice of Appeal (ECF No. 10) along with a Letter (ECF No. 12) on September 1, 2015 indicating Plaintiff's intent to appeal and requesting a Certificate of Appealability ("C.O.A."). This Court denied the C.O.A. on September 18, 2015 because Plaintiff failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2). (ECF No. 13.)

About a month after denying the C.O.A., Plaintiff filed the present Motion to proceed in forma pauparis ("IFP") during his appeal. (ECF No. 15.) Based on Plaintiff's financial means and the Court's denial of Plaintiff's C.O.A., Magistrate Judge Almond recommended denial of Plaintiff's Motion. (ECF No. 16.) Plaintiff timely objected, alleging (1) that the R&R's conclusions regarding his financial means failed to take into account his debts, such as student loans, unpaid taxes, and legal expenses; and (2) that he should not be barred from proceeding IFP because he acted in good faith in seeking an appeal. (Pl.'s Obj. to R&R 1-2, ECF No. 17.) The Court has reviewed the R&R and each of Plaintiff's claims of error and concludes that the R&R did not err in denying Plaintiff IFP status.

Most significantly, the R&R correctly concluded that Plaintiff's financial means do not warrant extending him IFP status. Plaintiff had a spending balance of $5,990.65 and an

encumbered balance of $1,000 as of October 2015. (Inmate Account Statement 1, ECF No. 15-1.) And according to his application, Plaintiff has no dependents, no regular monthly expenses, and he is employed at the institution in which he is incarcerated. (Pl.'s Mot. for Leave to Proceed IFP 1-2, ECF No. 15.) Although Plaintiff indicates he has student loan debts and other expenses, nowhere does he indicate how his debts affect, if at all, the means he has available for his appeal. (Id.) Indeed, as just noted, Plaintiff indicated in his IFP application that he has no regular loan payments or other expenses. (Id.) Based on this, Plaintiff has not demonstrated that his poverty is enough to outweigh the "fairness to the society which ultimately foots the bill" so as to merit IFP status. McDonald v. Colvin, No. C.A. 15–326 ML, 2015 WL 5507093, at *1 (D.R.I. Sept. 16, 2015) (quoting Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984)). On this basis, the R&R properly denied Plaintiff's IFP application.

The R&R also concluded that Plaintiff's IFP application failed for the independent reason that his appeal is without merit, and, thus, Plaintiff cannot meet 28 U.S.C. § 1915(a)(3)'s good faith requirement. (See R&R 2, ECF No. 16.) Since the Court holds that Plaintiff is not entitled to IFP status based his financial resources, the Court need not reach this alternative basis for denying Plaintiff's application, or Plaintiff's arguments that the R&R reached it in error. Plaintiff's financial means do not

3

warrant granting him leave to proceed IFP and he is required to pay the requisite appellate filing fee of $500.00 to proceed with his appeal.

Plaintiff's Objection is OVERRULED on the grounds stated above and the R&R is accepted pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Chief Judge
Date:  April 14, 2016